WHIPPLE, C.J.,
dissenting in part.
lil respectfully dissent from the portion ■of the majority opinion vacating the survival action award.
Both the bar owner and the other witness testified that the decedent began shaking after clutching the wire, and that this went on for what seemed like “a long time.” And while his voluntary grasp of the wire soon became or resulted in an involuntary clutching of the wire, it is undisputed that the decedent remained standing throughout his electrocution, and slumped only after his hand was completely burned away.
The defendants argue there should be no award for the decedent’s conscious pain and suffering, asserting that this testimony (which portions are cited by the majority) clearly establishes that he died immediately or instantaneously at the moment of the initial contact. In my view, the testimony and photographic evidence do not so demonstrate. The majority opinion discounts the. testimony, wherein the |2expert, Mr. Brooks, opined that in his experience, loss of consciousness is “quick,” but is not “instantaneous.”-
In my view, the plaintiff produced evidence which was sufficient to establish, by more than a scintilla, that the decedent suffered for some period of time, albeit brief, until his hand was burned off and he *1174 slumped to the ground. Here, the facts are akin to (yet even more egregious than) those in Maldonado, where the decedent’s survival damages were awarded based upon the decedent’s brief consciousness as he fell sixty feet to the ground and where the author herein dissented as to the low amount rendered by the majority and Ly v. State, through Department of Public Safety and Corrections, 92-1054 (La. App. 1st Cir. 11/24/93), 638 So.2d 197, writ denied, 93-3134 (La. 2/25/94), 634 So.2d 835, where this court reaffirmed that an award for such is proper where there is even the smallest amount of evidence of pain on the part of the decedent and concluded that an award was proper even given the lack of a precise cause and time of death between an initial impact collision and a second impact collision in which the decedent was burned to death in her vehicle. See Ly v. State, through Department of Public Safety and Corrections, 633 So.2d at 205.
The decedent herein was not killed in an instantaneous explosion. Even accepting the defendants’ version's of what occurred, the record demonstrates that the decedent remained standing for a period of time, and remained so until his hand was burned off, whereupon he thereafter slumped to the ground. While Entergy categorizes this as a mere minute, the record shows otherwise, and Mr. Thompson should be compensated for the pain and suffering his son endured. Contrary to the reasoning of the majority, there was no legal requirement that plaintiff show that his son’s suffering lasted for an “appreciable time after he grabbed the wire.” Accordingly, I respectfully dissent and would render judgment in favor of the plaintiff awarding him damages for the survival action claim.